UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT B. WHITMAN,

Plaintiff,

vs.

CPR CLASSIC SALES, et al.,

Defendants.

Case No.: 24cv1227-LL-DDL

**ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT AGAINST ALL DEFENDANTS WITHOUT PREJUDICE**

**[ECF No. 14]**

On August 22, 2024, Plaintiff filed a request for entry of default against all Defendants. ECF No. 14. Plaintiff requests that the Clerk enter default against Defendants CPR Classic Sales, Andrea Doherty, and Dylan Doherty on the grounds that they have been personally served with the Summons and Complaint and have failed to timely appear or respond to the Complaint. *Id*. Plaintiff states that he "served Defendants on July 25, 2024." *Id.* at 2 (citing ECF Nos. 11-13). Plaintiff includes a Proof of Service which indicates that the process server served the Defendants by mail at the business address for CPR Classic Sales: 501 Industrial Way, Fallbrook, CA 92028. ECF Nos. 11-13.

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." But "[a] default may not enter against a defendant unless the plaintiff has properly served the defendant."

*Chambers v. Knight*, No. 18-cv-02906-BAS-BGS, 2019 WL 1923936, at *2 (S.D. Cal. 1986).

Under Rule 4, a plaintiff may serve an individual or corporation within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state in where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under California Code of Civil Procedure § 415.20(b), a plaintiff may effectuate substituted service on an individual:

> If the copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, … a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Notably, Plaintiff fails to provide sufficient proof that it properly served the individual Defendants Andrea and Dylan Doherty, pursuant to § 415.20(a) and § 415.20(b). As an initial matter, Plaintiff provides no evidence that the individual defendants are "persons to be served" for purposes of California Code of Civil Procedure § 415.20(a). *See, e.g., Aspire Home Healthcare, Inc. v. Therastaff, LLC*, No. 13cv2917-MMA (WMC), 2014 WL 12539703, at *4 (S.D. Cal. April 11, 2014) (finding proof of service defective when summons and complaint were mailed to company but not any "person to be served").; *Ramos v. Homeward Residential, Inc*., 223 Cal. App. 4th 1434, 1444 (Ct. App. 2014). Plaintiff fails to establish that it served the summons and Complaint in the presence of a person "apparently in charge" of the individual Defendants Andrea and Dylan Doherty. Additionally, Plaintiff has not established that 501 Industrial Way is the individual Defendants' Andrew and Dylan Doherty's "place of business" or "usual mailing address."

For the foregoing reasons, Plaintiff's request for entry of default is denied without prejudice.

**IT IS SO ORDERED.**

Dated: August 27, 2024

Honorable Linda Lopez
United States District Judge