JACOB T. SPAID (Bar No. 298832)
spaidj@higgslaw.com
JAKE D. SESTI (Bar No. 339005)
sestij@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Plaintiff
ROBERT B. WHITMAN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. WHITMAN,<br><br>             Plaintiff,<br><br>      v.<br><br>CPR CLASSIC SALES, ANDREA DOHERTY, and DYLAN COHERTY<br><br>             Defendants. | Case No.  3:24-cv-01227-BAS-DDL<br><br>**JUDGMENT IN FAVOR OF PLAINTIFF ROBERT B. WHITMAN**<br><br>JUDGE: Hon. Cynthia Bashant<br>COMPLAINT FILED: 7/17/24 |

Pursuant to ECF No. 20, on July 14, 2025, the Court granted Plaintiff ROBERT B. WHITMAN's ("Plaintiff") Motion for Default Judgment against Defendant CPR CLASSIC SALES, ANDREA DOHERTY, and DYLAN DOHERTY ("Defendants") in the amount of 187,586.25 (see **Exhibit 1** attached) hereto.

Accordingly, the Court hereby enters Judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $187,586.25.

DATED:  August ___, 2025

_____
Hon. Cynthia Bashant



# EXHIBIT 1



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT B. WHITMAN,<br><br>                              Plaintiff,<br><br>     v.<br><br><br>ANDREA DOHERTY and DYLAN DOHERTY,<br><br>                              Defendants. | Case No. 24-cv-01227-BAS-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(ECF No. 18)** |

This is a breach of contract and fraud case arising in the vintage Porsche industry, specifically concerning a contract for the purchase and delivery of a 1970 Porsche 911T Targa (the "Porsche"). Before the Court is Plaintiff Robert B. Whitman's Motion for Default Judgment ("Motion") against Defendants Andrea Doherty and Dylan Doherty. (ECF No. 18.) The Court finds the Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

24cv1227

# I.    BACKGROUND

Robert Whitman is an Ohio resident who visited CPR Classic Sales in April 2022 while visiting family in Southern California. (Compl. ¶¶ 5, 13, ECF No. 1.) CPR Classic Sales is a licensed vehicle dealer specializing in vintage Porsches located in Fallbrook, California. (*Id.* ¶¶ 2, 6.) Defendant Andrea Doherty owns CPR Classic Sales as a sole proprietorship.[1] (*Id.* ¶ 6.) In early 2023, Plaintiff contacted Defendants Andrea Doherty and Dylan Doherty to inquire about purchasing a classic Porsche 911T Targa finished in Tangerine. (*Id.* ¶¶ 14–15.) On June 27, 2023, Plaintiff entered into a Purchase Agreement ("PA") with Defendants, agreeing to provide Defendants with $166,000 in exchange for which Defendants would broker a deal with a European seller, import the Porsche to the United States, and transfer the Porsche to Plaintiff's residence in Ohio. (*Id.* ¶¶ 22, 24, Ex. A.) The same day, Plaintiff wired Defendants $166,000. (*Id.* ¶ 27.)

Defendants failed to deliver the Porsche as required under the PA. (*Id.* ¶¶ 42–45.) For nearly a year after the PA was executed, Plaintiff repeatedly attempted to contact Defendants for updates on the status of the Porsche, but Plaintiff was met with excuses, lies, and, ultimately, silence. (*Id.* ¶¶ 28–41.) Plaintiff was eventually able to locate the Porsche Defendants purported to have bought on behalf of Plaintiff using the Porsche's VIN and engine numbers. (*Id.* ¶ 43.) The Porsche was still for sale and had never been purchased by Defendants, contrary to what Defendants had told Plaintiff. (*Id.* ¶¶ 44–45.) Subsequently, on June 13, 2024, Defendants promised to return Plaintiff's $166,000 payment. (*Id.* ¶ 48, Ex. D.) Defendants failed to return Plaintiff's money. (*Id.* ¶ 50.)

---

[1] Judicial notice permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). The Court may take judicial notice on its own. Fed. R. Evid. 201(c)(1). The Court finds it appropriate to take judicial notice of the San Diego County Fictitious Business Name Records. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (holding that the court can take judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies" (citation modified)). These records indicate that Andrea Doherty owns and conducts business as CPR Classic Sales. *See* https://arcc-acclaim.sdcounty.ca.gov/FBN/SearchTypeFbnByName.

Consequently, on July 17, 2024, Plaintiff brought this action against Defendants for breach of contract, unjust enrichment, fraud, violation of California Business and Professions Code § 17200, i.e., California's Unfair Competition Law ("UCL"), and conversion. (*Id.* ¶¶ 53–101.)   Defendants were duly served with the Summons and Complaint on August 6, 2024. (ECF Nos. 11–13.)  Defendants have failed to answer or otherwise appear in the action, and the Clerk entered default against them on September 24, 2024.  (ECF No. 17.)  On October 10, 2024, Plaintiff filed his Motion for Default Judgment, seeking a total amount of $853,648.75, consisting of $166,000 in compensatory damages, $664,000 in punitive damages, and $23,648.75 in attorneys' fees.  (Mot. 20:2–5, ECF No. 18-1.)

## II.    LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications for default judgment.  Entry of default judgment is within the trial court's discretion.  *See Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660 (S.D. Cal. 1997) (citing *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (per curiam)).  In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, "*Eitel* factors").  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, the factual allegations in a plaintiff's complaint, except those relating to damages, are deemed admitted.[2]  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

---

[2] Plaintiff requests that the Court take judicial notice of a screenshot from the California Secretary of State Business Search, a screenshot from CPR's website, a screenshot from the San Diego Superior Court Party Name Case Search of all cases filed against Defendants in San Diego Superior Court from

### III.    ANALYSIS

As an initial matter, Plaintiff has met the first step of the two-step process for obtaining default judgment.  Pursuant to Rule 55(a), the Clerk of the Court correctly entered default against Defendants because they have not appeared in the case.  (ECF No. 17.)  Thus, the Court may, in its discretion, order default judgment after confirming it has jurisdiction, that service of process was adequate, and that the *Eitel* factors weigh in favor of such relief.

### A.    Jurisdiction & Service of Process

When ruling on a motion for default judgment, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" given that "[a] judgment entered without personal jurisdiction over the parties is void."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Thus, "[t]o avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."  *Id.*; *see also Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 961 (N.D. Cal. 2012) (recommending the district judge "deny Facebook's motion for default judgment and . . . dismiss this action for lack of personal jurisdiction").  "The Court is also required to 'assess the adequacy of the service of process on the party against whom default is requested.'"  *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877–78 (N.D. Cal. 2012) (citing *Sanrio Co., Ltd. v. J.I.K. Accessories*, No. C-09-0440 EMC, 2012 WL 1266611, at *2 (N.D. Cal. Apr. 19, 2012)).

Federal subject matter jurisdiction may exist due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  Under federal law, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  *Id.* § 1332(a).  Here,

---

January 1, 2019, to October 10, 2024, and a screenshot of reviews from CPR customers.  (ECF No. 18-2.)  Because the Court reaches its conclusions without relying on those documents, it **DENIES** the request as moot.  *See Chamber of Com. of U.S. v. Cal. Air Res. Bd.*, 763 F. Supp. 3d 1005, 1015 (C.D. Cal. 2025).

Plaintiff seeks a total judgment amount of $853,648.75. (Mot. 20:2–5.) This amount satisfies the minimum amount in controversy necessary to invoke diversity jurisdiction under 28 U.S.C. § 1332.

The Court finds there is also complete diversity among the parties. Plaintiff is a citizen of Ohio. (Compl. ¶ 5.) Defendants Andrea Doherty and Dylan Doherty are both citizens of California. (*Id.* ¶¶ 7–8.) CPR Classic Sales is a sole proprietorship and "has no legal existence separate from its owner," Andrea Doherty. *See G&G Closed Circuit Events, LLC v. Marin*, No. 3:20-cv-01171-JR, 2021 WL 2277834, at *4 (D. Or. May 7, 2021) (citing *Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017)). As such, Andrea Doherty and CPR Classic Sales are legally indistinguishable, and CPR Classic Sales is not considered for purposes of jurisdiction. *Id.* Therefore, because Plaintiff is a citizen of Ohio and Defendants Andrea Doherty and Dylan Doherty are citizens of California, there is complete diversity between Plaintiff and Defendants. Accordingly, this Court has subject matter jurisdiction.

Personal jurisdiction takes two forms, general and specific. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). For personal jurisdiction over an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Treating all facts in the Complaint as admitted, *TeleVideo Systems, Inc.*, 826 F.2d at 917–18, the Court finds that Defendants Andrea Doherty and Dylan Doherty are subject to general jurisdiction because they are domiciled in California. (Compl. ¶¶ 6–8.)

Finally, Plaintiff adequately served Defendants. (ECF Nos. 11–13.) Defendants are neither minors nor incompetent persons and are not in military service or otherwise subject to the Soldiers and Sailors Civil Relief Act of 1940. Having confirmed jurisdiction and the adequacy of service, the Court now turns to the *Eitel* factors.

**B.**    ***Eitel* Factors**

**1.    Possibility of Prejudice to Plaintiff**

The first *Eitel* factor asks a court to consider the possibility of prejudice to the plaintiff. *See Eitel*, 782 F.2d at 1471. A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits." *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019). Here, Defendants have not answered or otherwise participated in the suit, and the Court finds that Plaintiff will be prejudiced if default judgment is not entered because he will "likely be without other recourse for recovery." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Accordingly, this factor weighs in favor of default judgment.

**2.    Substantive Merits and Sufficiency of the Complaint**

The second and third factors focus on the merits of Plaintiff's substantive claims and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. These factors, often analyzed together, require courts to determine whether a plaintiff has "state[d] a claim on which [it] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175 (citing *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)). Courts often consider these factors "the most important." *Viet. Reform Party v. Viet Tan – Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citing *Sanrio, Inc. v. Jay Yoon*, No. 5:10-cv-05930 EJD, 2012 WL 610451, at *4 (N.D. Cal. Feb. 24, 2012)). If a court has "serious reservations" about the merits of a plaintiff's claims based on the pleadings, these factors weigh in favor of denying default judgment. *See Eitel*, 782 F.2d at 1472. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *See Adobe Sys., Inc. v. Tilley*, No. C 09-1085 PJH, 2010 WL 309249, at *3 (N.D.

- 6 -

Cal. Jan. 19, 2010). As detailed below, these two factors weigh in favor of granting default judgment for Plaintiff's claims.

Before turning to the merits and sufficiency of the Complaint, the Court must first address choice of law issues to determine which forum's law applies to these claims. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). A federal court sitting in diversity looks to the forum state's choice of law rules to determine the controlling substantive law. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). Because this action is based on diversity jurisdiction, the Court applies California's choice of law rules.

Under California law, "where the parties have made a choice of law, their choice is usually enforced." *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal. App. 4th 637, 645 (1993). Here, the PA specifies, "[t]his agreement shall be governed by the laws of the State of California." (PA, Ex. A to Compl., ECF No. 1-2.) Consequently, the Court will apply California law to Plaintiff's breach of contract claim. The Court also notes that California law controls the tort claims analyzed below. *See Wash. Mut. Bank, FA v. Superior Ct.*, 24 Cal. 4th 906, 920 (2001) (providing the choice of law rules for tort claims and noting that "generally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state" (citation modified)).

### i.     Breach of Contract

To recover damages for a breach of contract under California law, a plaintiff must prove: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Accepting the well-pleaded allegations of the Complaint as true, the Court concludes that Plaintiff has established all the elements of his breach of contract claim.

As alleged in the Complaint, Plaintiff entered into a PA with Defendants for the purchase and delivery of the Porsche on June 27, 2023. (Compl. ¶¶ 22, 24.) Plaintiff

substantially performed his obligations under the PA by wiring $166,000 to Defendants. (*Id.* ¶ 27.)  Defendants have failed to perform their contractual obligations by failing to purchase and deliver the Porsche, thereby breaching the PA. (*Id.* ¶¶ 42–45.)  As a result of this breach, Plaintiff has suffered financial harm due to the loss of his $166,000 payment. (*Id.* ¶ 50.)  Accordingly, the second and third *Eitel* factors weigh in favor of default judgment on Plaintiff's breach of contract claim.[3]

### ii.    Fraud

To recover damages for fraud under California law, a plaintiff must prove: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 637 (1996); *see also* Cal. Civ. Code § 1709.

Additionally, under Federal Rule of Civil Procedure 9(b), "an allegation of 'fraud or mistake must state with particularity the circumstances constituting fraud.'" *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 415–16 (C.D. Cal. 2012) (quoting Fed. R. Civ. P. 9(b)).  This heightened pleading standard requires that, "when averments of fraud are made, the circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Specifically, the plaintiff must allege "the who, what, when, where, and how" of the fraudulent activity. *Id.* (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Yet, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Accepting the well-pleaded allegations of the

---

[3] Under California law, unjust enrichment is generally not a standalone cause of action but may be construed as a quasi-contract claim for restitution. *Jogani v. Super. Ct.*, 164 Cal. App. 4th 901, 911 (2008).  However, it cannot stand when an enforceable express contract governs the dispute. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).  Here, Plaintiff's unjust enrichment claim is precluded because the PA governs the dispute, defining the parties' rights and obligations.  Since Plaintiff's claim arises from Defendants' failure to perform under this enforceable contract, a separate unjust enrichment claim is barred.

Complaint as true, the Court concludes that Plaintiff has established all the elements of his fraud claim under the heightened pleading standard of Rule 9(b).

As alleged in the Complaint, Defendants told Plaintiff they could use their expertise in the vehicle import process to broker a deal with a European seller for the Porsche. (Compl. ¶ 22.) Moreover, Defendants repeatedly told Plaintiff that they had, in fact, purchased the Porsche and begun the process of importing the Porsche to the United States. (*Id.* ¶¶ 28–39.) Defendants knew their statements were false as they never actually purchased the Porsche or began the import process. (*Id.* ¶ 45.) Defendants' continual lies and excuses to Plaintiff, as well as their unfulfilled promise to return Plaintiff's money, demonstrate their intent to defraud Plaintiff. (*Id.* ¶¶ 28–41, 47–50.) Plaintiff justifiably relied on Defendants' promises as Defendants held themselves out as experts with industry knowledge and experience acquiring vintage Porsches from foreign markets. (*Id.* ¶¶ 2, 17–18.) Plaintiff lost $166,000 as a result of his reliance on Defendants' false statements. (*Id.* ¶ 76.)

Further, the Court finds that Plaintiff's fraud claim is not barred by the economic loss doctrine. "Quite simply, the economic loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other.'" *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (quoting *Rich Prods. Corp. v. Kemutec, Inc.*, 66 F. Supp. 2d 937, 969 (E.D. Wis. 1999)). "The economic loss rule requires a purchaser to recover in contract for purely economic loss . . . unless he can demonstrate harm above and beyond a broken contractual promise." *Id.* "However, the California Supreme Court has repeatedly affirmed that the economic loss doctrine is not a bar to properly pled claims for fraudulent inducement." *Cty. of Orange v. Tata Consultancy Servs. Ltd.*, No. SACV 13-00683-JLS (JCx), 2016 WL 6542728, at *7 (C.D. Cal. Apr. 1, 2016); *see also Lazar*, 12 Cal. 4th at 645 (stating that "fraudulent inducement—as the very phrase suggests—is not a context where the 'traditional separation of tort and contract law' obtains" (citation omitted)); *Erlich v. Menezes*, 21 Cal. 4th 543, 551–52 (1999) ("Tort damages have been permitted in contract cases . . . where the contract was fraudulently induced.").

Here, Defendants lied about their intention and ability to secure the Porsche for Plaintiff, which induced Plaintiff to enter into the PA. (Compl. ¶¶ 2, 17–18, 22–23.) Therefore, the fraud preceded contract formation, and the economic loss rule does not apply to the fraud claim. Accordingly, the second and third *Eitel* factors weigh in favor of default judgment on Plaintiff's fraud claim.

### iii.    California Business & Professions Code § 17200

The UCL provides injunctive relief against businesses that engage in unfair trade practices. "To state a claim under California Business and Professions Code Section 17200, a plaintiff must allege that the defendant engaged in an 'unlawful, unfair or fraudulent business act.'" *Khraibut v. Chalal*, No. 15-cv-04463-CRB, 2021 WL 1164940 at *10 (N.D. Cal. Mar. 26, 2021) (citing Cal. Bus. & Prof. Code § 17200). A plaintiff may pursue a claim under California's UCL via any or all of three prongs: the "unlawful" prong, which bars practices that are forbidden by any other law; the "unfair" prong, which bars immoral, unethical, oppressive, unscrupulous, or substantially injurious conduct; and the "fraudulent" prong, which bars practices that are likely to deceive the public. *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1100 (N.D. Cal. 2021); *Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1050–51 (N.D. Cal. 2023) (quoting *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1226 (N.D. Cal. 2014)).

Plaintiff rests his UCL claim primarily on the "fraudulent" prong. (Mot. 14:6–16.) Again, Plaintiff must meet the heightened pleading standard of Rule 9(b) in order to establish his claim through the "fraudulent" prong of the UCL. *See* Fed. R. Civ. P. 9(b).

As discussed above, Defendants held themselves out as experts in the vintage Porsche industry and vehicle import process. (Compl. ¶¶ 17–18, 22–23.) Defendants then fraudulently induced Plaintiff to enter into the PA. (*Id.* ¶¶ 2, 17–18, 22–23.) Moreover, Defendants repeatedly lied about the status of their performance of services and refused to return Plaintiff's money once their lies had been uncovered. (*Id.* ¶¶ 28–41, 47–50.) This conduct alone is likely to deceive the public and, as addressed above, satisfies the required heightened pleading standard of Rule 9(b). Moreover, Plaintiff's allegations that

Defendants have carried out the same "unfair, unscrupulous, and immoral business practices" to other customers further demonstrate that Defendants' conduct is not only likely to deceive the public, but has already done so. (*Id.* ¶¶ 90, 92.) For these reasons, the Court finds that the second and third *Eitel* factors weigh in favor of entering default judgment on Plaintiff's UCL violation claim.

### iv. Conversion

Under California law, a cause of action for conversion requires: (1) the plaintiff's ownership or right to possession of property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damage to plaintiff. *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014). "Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007) (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1491 (2006)). Importantly, "[a] party need only allege it is '*entitled to immediate possession at the time of conversion*.'" *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 452 (1997) (citing *Bastanchury v. Times-Mirror Co.*, 68 Cal. App. 2d 217, 236 (1945)). "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." *Gilman v. Dalby*, 176 Cal. App. 4th 606, 615 n.1 (2009); *see also In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003) (per curiam). Moreover, "a mere contractual right of payment, without more, will not suffice." *Farmers Ins. Exch.*, 53 Cal. App. 4th at 452.

Further, when conversion is alleged in the context of a contractual relationship, the claim must also overcome California's economic loss rule, which, as previously discussed, bars tort recovery for breaches of contract. *See, e.g.*, *Wynne Sys., Inc. v. Mobile Storage Grp., Inc.*, CV 10-1460 SVW (FFMx), 2010 WL 11595726, at *7 (C.D. Cal. May 5, 2010) (rejecting conversion claim because "courts turn to the economic loss rule to bar conversion claims that are based solely on breaches of contractual duties"). As the California Supreme

- 11 -

Court has explained, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract[.]" *Erlich*, 21 Cal. 4th at 551. Conversely, "where the duty arises as a result of the contract, the claim is not cognizable." *Expedited Packages, LLC v. Beavex Inc.*, No. CV 15-00721 MMM (AGRx), 2015 WL 13357436, at *4 (C.D. Cal. Sept. 10, 2015).

Here, Plaintiff's conversion claim is duplicative of its breach of contract claim. Both claims are predicated upon Defendants' failure to perform their contractual duties and refusal to return Plaintiff's $166,000 payment. (*See* Compl. ¶¶ 53–60, 94–100.) Defendants have merely violated their contractual duties, and Plaintiff has not alleged any independent duty as the basis of his conversion claim. (*Id.*) Accordingly, Plaintiff's conversion claim is barred by the economic loss rule. *See Erlich*, 21 Cal. 4th at 551. For this reason, the Court finds that the second and third *Eitel* factors do not weigh in favor of entering default judgment on Plaintiff's conversion claim.

### 3.    The Sum of Money at Stake in the Action

According to the fourth *Eitel* factor, a court must consider "the sum of money at stake in the action" in relation to the defendant's conduct. *Eitel*, 782 F.2d at 1471–72. If the sum of money at stake is completely disproportionate or inappropriate, then default judgment is disfavored. *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). When proper evidence is presented which shows that the compensation sought is consistent with the terms of the contract and is otherwise appropriate, the court should find that this factor weighs in favor of entry of default judgment. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (S.D. Cal. 2010).

Here, Plaintiff seeks actual damages equivalent to the loss incurred from Defendants' failure to return his $166,000 payment, plus attorneys' fees of $23,648.75. (Mot. 20:2–5.) These amounts are supported by Plaintiff's evidence, as discussed in detail below, albeit the attorneys' fees shall be reduced to the extent deemed necessary by the Court. *See PLCM Grp., Inc. v. Drexler*, 22 Cal. App. 4th 1084, 1095 (2000) ("The lodestar

figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."). Additionally, Plaintiff requests $664,000 in punitive damages. (*Id.*) As addressed further below, Plaintiff's evidence does not support an award of punitive damages in this amount. Nevertheless, the reasonableness of the actual damages and attorneys' fees requested weigh in favor of granting default judgment.

### 4.   Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor asks the Court to consider whether there is a possibility of dispute concerning material facts. *Eitel*, 782 F.2d at 1471–72. Where, as here, a defendant fails to file an answer or otherwise respond to the operative complaint, the Court is left with no disputed material facts. "In such cases, courts routinely find that . . . this *Eitel* factor weighs in favor of granting default judgment." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 889 (S.D. Cal. 2021). Accordingly, this factor weighs in favor of granting default judgment.

### 5.   Possibility of Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's default may have resulted from excusable neglect. *Eitel*, 782 F.2d at 1471–72. "There is little possibility of excusable neglect when the defendant is properly served or is aware of the litigation." *McDermott v. RYI Unity LLC*, No. 8:23-cv-00927-MCS-JDE, 2023 WL 9418045, at *3 (C.D. Cal. Dec. 19, 2023). Plaintiff properly served Defendants. (ECF Nos. 11–13.) The Court finds it unlikely that Defendants are unaware of these proceedings. Accordingly, the possibility of excusable neglect does not prevent the entry of default judgment.

### 6.   Policy Favoring Decision on the Merits

Lastly, "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the other *Eitel* factors outweigh this baseline policy, as Defendants' failure to appear or otherwise respond to the Complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

In sum, because the *Eitel* factors weigh in Plaintiff's favor, default judgment is appropriate. Accordingly, the Court enters default judgment against Defendants for the breach of contract, fraud, and violation of the UCL claims.

## C. Terms of Judgment

### 1. Actual Damages

Having concluded entering default judgment for Plaintiff to be appropriate in this matter, the Court must now turn to the damages Plaintiff seeks. Under Rule 8(a)(3), a plaintiff's demand for relief must be specific, and the plaintiff "must 'prove up' the amount of damages that it claims." *Philip Morris USA Inc. v. Banh*, No. CV 03-4043 GAF (PJWx), 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005). Rule 54(c) "allows only the amount prayed for in the complaint to be awarded to the plaintiff in a default." *Elektra Ent. Grp. v. Bryant*, No. CV 03-6381GAF(JTLx), 2004 WL 783123, at *5 (C.D. Cal. Feb. 13, 2004); *PepsiCo, Inc.*, 238 F. Supp. 2d at 1174 (stating that a default judgment shall not be different in kind from, or exceed in amount, what is prayed for in the complaint).

Furthermore, "a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). The burden falls on the plaintiff to prove its damages and requests for relief. *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Ultimately, "granting damages is within 'wide latitude' of the district court's discretion." *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (citing *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993)).

Here, Plaintiff's methodology is based on specific contractual terms, and damages are readily ascertainable through objective computation. Plaintiff seeks in actual damages solely the $166,000 payment sent to Defendants which Defendants have failed to return. (Decl. of Robert B. Whitman ("Whitman Decl.") ¶¶ 6, 14, ECF No. 18-5.)

Accordingly, the Court finds that Plaintiff has provided sufficient proof of the actual damages through his Complaint and Declaration from Robert B. Whitman, and thus,

24cv1227

Plaintiff is entitled to the full amount of compensatory damages. *See Nike, Inc. v. B&B Clothing Co.*, No. CIV S-06-2828 GEB DAD, 2007 WL 1515307, at *1 (E.D. Cal. May 22, 2007) ("Where damages are liquidated or otherwise capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.").

### 2.    Punitive Damages

Plaintiff requests punitive damages in connection with his fraud claim in the amount of $664,000. (Mot. 19:6–17.) While the Court applies state substantive law to Plaintiff's request for punitive damages, "federal courts sitting in diversity jurisdiction apply . . . federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citing *Gasperini*, 518 U.S. at 427). So, while California Civil Code § 3294 sets the substantive requirements for obtaining punitive damages, the sufficiency of Plaintiff's pleading is governed by the Federal Rules of Civil Procedure. *Doe 1 v. United Airlines, Inc.*, No. CV 20-05554-RSWL-AGRx, 2021 WL 4595766, at *5 (C.D. Cal. Apr. 22, 2021).

As an initial matter, Plaintiff's failure to plead an amount of punitive damages in the Complaint counsels that the Complaint failed to give proper notice of Plaintiff's request for such relief. *See* Fed. R. Civ. P. 54(c). Sufficient notice of the requested damages is necessary, particularly in the default judgment context, as "[i]f greater relief had been demanded [in the complaint], the defendant might have entered the action and defended on the merits, both as to liability and the requested relief." 10 *Moore's Federal Practice*, § 54.71[1] (Matthew Bender 3d ed.); *see also Fite v. Beasley*, No. 2:21-cv-03908-FWS-JPR, 2023 WL 3551129, at *8 (C.D. Cal. Mar. 7, 2023) (declining to award punitive damages when the complaint did not include the amount of punitive damages sought); *Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, No. 15-cv-2288-BAS-WVG, 2018 WL 3222610, at *22 (S.D. Cal. June 19, 2018) (disfavoring punitive damages when the Complaint failed to give proper notice of its request for such relief).

Furthermore, a plaintiff is never entitled to punitive damages as a matter of right. "When punitive damages are sought by default judgment, the court must have independent

evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default." *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016). Section 3294 of the California Civil Code permits an award of punitive damages for non-contract claims only when the plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice[.]" Cal. Civ. Code § 3294; *see also Scott v. Phoenix Schs., Inc.*, 175 Cal. App. 4th 702, 715 (2009). "Clear and convincing evidence has to be 'so clear as to leave no substantial doubt [and] sufficiently strong to command the unhesitating assent of every reasonable mind.'" *Casey v. Metro. Life Ins. Co*, 688 F. Supp. 2d 1086, 1101 (E.D. Cal. 2010) (quoting *In re Angelina P.*, 28 Cal. 3d 908, 919 (1981)). As discussed above and based on Plaintiff's evidence, namely the Declaration of Robert B. Whitman and the attached exhibits showing Plaintiff's communications with Defendants, the Court assumes, *arguendo*, that Plaintiff has shown by clear and convincing evidence that Defendants fraudulently induced him to execute the PA.

In order to determine whether punitive damages should be awarded, and the amount to be awarded, courts consider: (1) the nature of defendant's acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant. *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1473 (9th Cir. 1984) (citing *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 928 (1978)). "Within that framework, courts have discretion in determining an appropriate punitive damages award on default judgment." *Stewart Title Guar. Co.*, 2018 WL 3222610, at *22.

California law requires meaningful evidence of a defendant's ability to pay. *Adams v. Murakami*, 54 Cal. 3d 105, 113–14 (1991). Absent evidence of the defendant's financial condition, courts cannot determine what amount of damages are necessary to punish and deter. *Id.* at 112. Failure to present such evidence weighs against awarding punitive damages. *See Talkdesk, Inc. v. Pham*, No. 2:22-cv-05961-MCS-JPR, 2024 WL 4866690 at *12 (C.D. Cal. Aug. 9, 2024); *Kremen v. Cohen*, No. 05CV1319-MMA (POR), 2009 WL 10690775 at *8 (S.D. Cal. Nov. 6, 2009).

Plaintiff has presented no evidence regarding the wealth of Defendants. (*See generally* Mot.) The Court has substantial doubt about imposing a punitive multiplier on the damages award given the lack of evidence of Defendants' finances.

Accordingly, the Court denies the request for punitive damages both because the Complaint provides insufficient notice of the amount of punitive damages sought and for Plaintiff's failure to provide evidence of the Defendants' wealth. The Court finds it unnecessary to hold an evidentiary hearing on this matter, but it will deny the request for punitive damages without prejudice to give Plaintiff an opportunity to file an amended complaint including proper notice of the punitive damages Plaintiff seeks, as well as an amended motion for default judgment including evidence of the Defendants' financial condition.

### 3. Attorneys' Fees

Since this is a diversity action, the law of the forum state governs the interpretation of the agreement that may allow for an award of attorneys' fees. *See United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989). Under California law:

> [W]here the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

*City of Emeryville v. Robinson*, 621 F.3d 1251, 1267 (9th Cir. 2010) (citing Cal. Civ. Code § 1717(a)). Indeed, here, the PA provides, "In the highly unlikely event that there is a dispute, the prevailing party shall be entitled to reasonable attorney's fees as directed by the governing authority." (PA, Ex. A to Compl., ECF No. 1-2.)

California law affords courts broad discretion to determine the reasonableness of an attorneys' fee award. *PLCM Grp., Inc.*, 22 Cal. App. 4th at 1095. Attorneys' fees are determined using the lodestar method, which begins by determining the reasonable number of hours expended by counsel for the moving party, multiplied by a reasonable hourly rate.

- 17 -

*See Ketchum v. Moses*, 24 Cal. 4th 1122, 1134 (2001). The lodestar may be adjusted upward or downward based on several factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 64 (2009) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). The burden is on the party seeking attorneys' fees to prove that the fees it seeks are reasonable. *Id.* at 98.

In most cases, a declaration provides adequate evidence of the prevailing hourly rates in the relevant legal community. *See, e.g.*, *Davis v. City of San Diego*, 106 Cal. App. 4th 893, 903–04 (2003). Generally, the relevant community is the forum where the district court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). However, "[t]he value of legal services performed in a case is a matter in which the trial court has its own expertise." *PLCM Grp., Inc.*, 22 Cal. App. 4th at 1096 (citing *Melnyk v. Robeldo*, 64 Cal. App. 3d 618, 623 (1976)). Accordingly, a court "may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony." *Id.* (citing *Melnyk*, 64 Cal. App. 3d at 623). "An experienced trial judge is in a position to assess the value of the professional services rendered in his or her court." *Wershba v. Apple Comput., Inc.*, 91 Cal. App. 4th 224, 255 (2001), *overruled on other grounds by Hernandez v. Restoration Hardware, Inc.*, 4 Cal. 5th 260, 269 (2018).

Here, Plaintiff seeks $23,648.75 in attorneys' fees following entry of default judgment. (Mot. 20:2–5.) In support of his request, Plaintiff submits the declarations of Michael Britt and Jacob T. Spaid, Plaintiff's counsel, which detail the hours expended and the nature of the work performed. (Decl. of Michael Britt ("Britt Decl."), ECF No. 18-3; Decl. of Jacob T. Spaid ("Spaid Decl."), ECF No. 18-4.)

The Court finds the time expended on the case to be reasonable. Plaintiff's counsel has spent approximately 52.6 hours on this case, which is sensible for the legal work required and documented. (Britt Decl. ¶ 9; Spaid Decl. ¶ 7.) That said, Plaintiff's counsel expects to spend an additional five hours working on the matter, "preparing and attending

the evidentiary hearing and/or providing any supplemental briefing." (Spaid Decl. ¶ 7.) The Court declines to include this expected additional work in its attorneys' fee award. *See PLCM Grp., Inc*, 22 Cal. App. 4th at 1095 ("The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."); *see also Swarbick v. Umpqua Bank*, No. 2:08-cv-00532-MCE-KJM, 2010 WL 2652462, at *1 (E.D. Cal. July 1, 2010) (declining recovery of projected fees for an anticipated hearing that did not occur). Plaintiff may include any requests for additional attorneys' fees in his amended motion for default judgment, should he choose to file one. Accordingly, the attorneys' fee award will be reduced by $2,062.50, which is the anticipated cost of the additional legal work Plaintiff's counsel expects to complete. (Spaid Decl. ¶ 7.) Therefore, the total amount of attorneys' fees incurred to date is $21,586.25. (Whitman Decl. ¶ 15.)

The Court also finds the hourly rates sought to be reasonable. The hourly rate for the primary attorney handling this matter in Ohio, a senior associate, is $370, and the three Ohio-based partners handling this matter have hourly rates ranging from $480 to $660. (Britt Decl. ¶¶ 5–8.) The hourly rate for the partner handling this matter in California is $475, his associate has an hourly rate of $350, and the paralegal on this matter has an hourly rate of $200. (Spaid Decl. ¶ 7.)

The Court finds these rates reasonable and consistent with prevailing market rates for similar legal services in this jurisdiction. The Southern District of California has found hourly rates of $450 per hour or higher reasonable for attorneys with partner-level experience. *See, e.g.*, *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 980 (S.D. Cal. 2014) (holding that an hourly rate of $650 per hour was reasonable for a partner); *Youngevity Int'l Corp. v. Smith*, No. 16-cv-00704-BTM-JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018) ("Courts in this district have held a range of rates from $450–750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties."). Furthermore, hourly rates of up to $575 have been determined as reasonable for associates in this district. *See, e.g.*, *Turry v. Vervent, Inc.*, No. 20-cv-697-DMS-AHG, 2025 WL 625781, at *2–3 (S.D.

- 19 -

24cv1227

Cal. Feb. 26, 2025) (determining that an hourly rate of $500 to $575 for associates in San Diego was reasonable and in line with past hourly rates approved in this district); *Renn v. Otay Lakes Brewery, LLC*, No. 23CV1139-GPC (BLM), 2025 WL 1225102, at *11 (S.D. Cal. Apr. 25, 2025) (affirming an hourly rate of $500 for an associate in the district as reasonable). Finally, the Southern District of California has upheld paralegal rates ranging from $155 per hour to $265 per hour. *See, e.g.*, *Garcia v. Ford Motor Co.*, No. 22-cv-1474-GPC, 2023 WL 3961090, at *4 (S.D. Cal. June 12, 2023) (finding hourly rates of $235 to $265 to be reasonable for paralegals); *Chavez v. Jaguar Land Rover N. Am., LLC*, No. 18-cv-2811 W (JLB), 2020 WL 376209, at *2–3 (S.D. Cal. Jan. 23, 2020) (upholding a paralegal hourly rate of $195). Accordingly, the Court finds the requested fees to be reasonable and awards attorneys' fees in the amount of $21,586.25.

### 4. Injunctive Relief

As discussed above, the UCL provides injunctive relief against businesses that engage in unfair trade practices. Although Plaintiff has successfully pled a UCL violation, Plaintiff does not request injunctive relief in his Motion. (*See generally* Mot.) Further, Plaintiff has not made arguments in support of a request for injunctive relief. (*Id.*) Consequently, even assuming that Plaintiff requests an injunction, he has not made the necessary showing in support thereof. *See Trs. of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (stating that a party seeking injunctive relief must show serious and irreparable harm if an injunction is not issued). Accordingly, the Court will not grant any injunctive relief.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. (ECF No. 18.) The Court hereby **GRANTS** Plaintiff's Motion for default judgment against Defendants and awards Plaintiff monetary damages in the total amount of $187,586.25, which includes attorneys' fees in the amount of $21,586.25. However, Plaintiff's request for punitive damages is **DENIED** without prejudice. If Plaintiff chooses to file and serve an amended complaint, he may do so no later than **July**

24cv1227

**28, 2025**.  Thereafter, Plaintiff may file an amended motion for default judgment consistent with the relevant Federal Rules of Civil Procedure.  Otherwise, the Clerk of the Court will enter default judgment and award damages consistent with this order.

   **IT IS SO ORDERED.**


**DATED: July 14, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv1227